The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JOSEPH ANDREW HYLKEMA,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; CARLOS COLLINS and JANE DOE COLLINS, husband and wife and the marital communities thereof, jointly and severally,<br><br>Defendants. | Case No. 2:12-cv-01652-RSM<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Midland Credit Management, Inc. ("MCM") and Carlos Collins ("Mr. Collins") (collectively, "defendants")[1] answer plaintiff's complaint as follows:

## 1. NATURE OF ACTION

1.1   Admit that plaintiff purports to bring this lawsuit for alleged damages based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Washington Consumer Protection Act, RCW 19.86.020 ("WCPA"); but deny any wrongdoing or violation of those statutes. Defendants deny the remaining allegations in paragraph 1.1.

---

[1] As stated in paragraph 10.3 below, Mr. Collins is not married; hence, "Jane Doe Collins" does not exist and is improperly named as a defendant in this case.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES -** Page 1

1620106

**COSGRAVE VERGEER KESTER LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

## 2. JURISDICTION AND VENUE

2.1   Admit that this court has subject matter jurisdiction, and that venue is proper in this district.  Defendants deny the remaining allegations in paragraph 2.1.

## 3. PARTIES AND BACKGROUND

3.1   Admit that MCM had communications with plaintiff regarding the delinquent account at issue ("the account").  Defendants deny the remaining allegations in paragraph 3.1, based in part on a lack of sufficient information to form a belief as to the truth of those allegations.

3.2   Admit that MCM is a Kansas corporation with its principal place of business at the described address; that Mr. Collins is employed by MCM at its San Diego office; and that at least some of the acts at issue originated from that location.  Defendants deny the remaining allegations in paragraph 3.2.

3.3   Admit that MCM is licensed as a collection agency by the Washington State Department of Licensing; that it is authorized to do business in Washington; and that Corporation Service Company is its registered agent in the State of Washington.  Defendants deny the remaining allegations in paragraph 3.3.

3.4   Admit that Mr. Collins is an adult; that he is an employee of MCM; and that plaintiff claims to be suing him in his personal capacity.  Defendants deny the remaining allegations in paragraph 3.4, including any allegation that Mr. Collins committed wrongdoing or has any personal liability for the events at issue.

3.5   Denies the allegations in paragraph 3.5.

3.6   Deny the allegations in paragraph 3.6, based in part on a lack of sufficient information to form a belief as to the truth of those allegations.

3.7   Admit that MCM generally engages in the business of collecting delinquent accounts, including through the use of the mail and telephone; that Mr.

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES - Page 2

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1620106

1  Collins is employed by MCM; and that MCM had communications with plaintiff regarding
2  the account. Defendants deny the remaining allegations in paragraph 3.7.
3        3.8    Deny the allegations in paragraph 3.8, based in part on a lack of sufficient
4  information to form a belief as to the truth of those allegations.
5        3.9    Admit that Mr. Collins is an employee of MCM; that he was hired, and is
6  trained and supervised, by MCM; and, based on information and belief, that he was
7  acting within the course and scope of his employment. Defendants deny the remaining
8  allegations in paragraph 3.9.

### 4. STATEMENT OF FACTS

10       4.1    Admit that MCM attempted to contact plaintiff regarding the account; but
11 deny the remaining allegations in paragraph 4.1, based in part on a lack of sufficient
12 information to form a belief as to the truth of those allegations.
13       4.2    Admit that MCM attempted to contact plaintiff regarding the account; but
14 deny the remaining allegations in paragraph 4.2, based in part on a lack of sufficient
15 information to form a belief as to truth of those allegations.
16       4.3    Admit that the telephone number (800) 265-8825 belongs to MCM, but
17 deny the remaining allegations in paragraph 4.3.
18       4.4    Deny the allegations in paragraph 4.4.
19       4.5    Admit that MCM attempted to contact plaintiff regarding the account, but
20 denies the remaining allegations in paragraph 4.5.
21       4.6    Deny the allegations in paragraph 4.6.
22       4.7    Deny the allegations in paragraph 4.7.
23       4.8    Admit that, on July 3, 2012, MCM received one or more phone calls from a
24 person who identified himself as plaintiff; and that the account was discussed during
25 those telephone calls. Defendants deny the remaining allegations in paragraph 4.8,
26 ///

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES -** Page 3

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1620106

based in part on a lack of sufficient information to form a belief as to truth of those allegations.

4.9   Admit that MCM has reported the account to one or more credit reporting agencies, but deny the remaining allegations in paragraph 4.9.

4.10   As to paragraph 4.10:

4.10.1   Admit that MCM maintains, in the regular course of business, records relating to activity on the account. Defendants deny the remaining allegations in paragraph 4.10.1.

4.10.2   Deny the allegations in paragraph 4.10.2.

4.10.3   Object to the allegations in paragraph 4.10.3 as seeking information protected by the work product doctrine and/or the attorney-client privilege.

4.10.4   Object to the allegations in paragraph 4.10.4 as seeking information protected by the work product doctrine and/or the attorney-client privilege.

4.10.5   Object to the allegations in paragraph 4.10.5 as seeking information protected by the work product doctrine and/or the attorney-client privilege.

4.10.6   Object to the allegations in paragraph 4.10.6 as seeking information protected by the work product doctrine and/or the attorney-client privilege.

4.10.7   Object to the allegations in paragraph 4.10.7, to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege; otherwise, denied.

4.11   Deny the allegations in paragraph 4.11.

4.12   Deny the allegations in paragraph 4.12.

### 5. FIRST CAUSE OF ACTION – VIOLATION OF FDCPA

#### COUNT ONE

5.1   Deny the allegations in paragraph 5.1.

///

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES -** Page 4

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1620106

**COUNT TWO**

5.2   Deny the allegations in paragraph 5.2, based in part on a lack of sufficient information to form a belief as to truth of those allegations.

**COUNT THREE**

5.3   Deny the allegations in paragraph 5.3.

**6. SECOND CAUSE OF ACTION – VIOLATION OF TCPA**

6.1   Deny the allegations in paragraph 6.1, based in part on a lack of sufficient information to form a belief as to truth of those allegations.

**7. THIRD CAUSE OF ACTION – VIOLATION OF WCPA**

**GENERAL ALLEGATION**

7.1   Admit that the cited provisions of the RCW speak for themselves, but deny the remaining allegations in paragraph 7.1.

**COUNT ONE – VIOLATION OF RCW 19.16.250(12)(a)**

7.2   Deny the allegations in paragraph 7.2.

**8. *BONA FIDE* ERROR DEFENSE**

8.1   Admit that the cited cases speak for themselves, but deny the remaining allegations in paragraph 8.1.

**9. PRAYER FOR RELIEF**

Defendants deny that plaintiff is entitled to any of the relief sought in paragraphs 9.1 through 9.1.3 of the complaint.

**GENERAL DENIAL**

Except as specifically admitted, defendants deny each and every allegation of the complaint.

**AFFIRMATIVE DEFENSES**

10.1   Plaintiff fails to state factual matter sufficient to constitute a claim against defendants that is plausible on its face.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES -** Page 5

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1620106

10.2   Plaintiff fails to state factual matter sufficient to constitute a claim for personal liability against Mr. Collins.

10.3   Mr. Collins is not married; hence, "Jane Doe Collins" does not exist and is improperly named as a defendant in this case.

10.4   To the extent plaintiff is able to prove a violation of the FDCPA, any such violation resulted from a bona fide, unintentional error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

10.5   Plaintiff suffered no actual damages as a result of defendants' alleged conduct and, therefore, is not entitled to recover any damages, fees or costs.

10.6   Plaintiff's damages, if any, were the result of plaintiff himself or of others for whom defendants are not responsible or liable.

10.7   Plaintiff's damages, if any, were aggravated by his own failure to use reasonable diligence to mitigate them.

10.8   Plaintiff's damages, if any, are offset by amounts that he owes on the account.

10.9   Defendants acted in good faith at all times.

10.10  Service on one or more defendants was insufficient.

10.11  The calls MCM was making, and the equipment it was using to make those calls, are not regulated by the TCPA.

10.12  Manually dialed telephone calls made by MCM are not actionable under the TCPA.

10.13  Plaintiff consented to receiving calls that were made, if any, to his cellular telephone.

10.14  Plaintiff is not represented by an attorney and, thus, cannot recover any attorney's fees.

/ / /

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** - Page 6

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1620106

**RESERVATION OF RIGHT TO AMEND**

Defendants reserve their right to amend and to add further defenses or claims as relevant information becomes available.

WHEREFORE, defendants pray for judgment in their favor and against plaintiff; for dismissal of plaintiff's claims with prejudice; for defendants' attorney fees, costs and disbursements; and for any further relief that the court decides is proper.

DATED: October 19, 2012

COSGRAVE VERGEER KESTER LLP

*/s/Robert E. Sabido*
Robert E. Sabido, WSBA No. 29170
rsabido@cosgravelaw.com
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Defendants

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES - Page 7**

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1620106

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2012, I electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph Andrew Hylkema
1425 Broadway, #123
Seattle, WA 98122
    Plaintiff *pro se*

DATED:  October 19, 2012

    */s/Robert E. Sabido*
    Robert E. Sabido

1620106

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000